UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SERGIO MARCATOMA, on behalf of himself and all persons similarly situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**SANZ CONSTRUCTION, INC., and NAUMAN SHAH, Individually,**<br><br>Defendants. | Civil Action No.:<br><br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff SERGIO MARCATOMA ("Marcatoma" or "Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants, SANZ CONSTRUCTION, INC. and all other affiliated entities and/or joint employers ("Sanz" or "corporate Defendant"), and NAUMAN SHAH, individually ("Shah" or "Individual Defendant", (collectively "Defendants") and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A. 34L11-4, et.seq. ("NJWPL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

3. Beginning in or about July, 2022, and continuing until approximately July, 2023, Defendants engaged in a policy and practice of requiring Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state law.

4. The Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover the overtime compensation that Plaintiff and similarly situated employees were deprived of, as well as liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJWPL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Plaintiff performed non-exempt carpentry duties for the Defendants throughout New Jersey based from Defendants' corporate location in Staten Island, New York. Defendants regularly do business in New Jersey and are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the corporate Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a commercial and residential construction

company, which specializes in remodeling. Defendants' purchase goods and materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Plaintiff Sergio Marcatoma is an adult individual who is a resident of Essex County, New Jersey.

11. Plaintiff Marcatoma was employed by Defendants for approximately one (1) year from in or about July, 2022, until in or about July, 2023 as a carpenter performing duties in furtherance of Defendants' construction business.

**Corporate Defendants**

12. SANZ is a New Jersey corporation, with its main business address listed as 28 Birch Road, Staten Island, New York.

13. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor and services on behalf of Defendants throughout New Jersey.

**Individual Defendants**

14. Upon information and belief, the individual Defendant Shah is New York resident.

15. Upon information and belief, at all times relevant to this Complaint, the individual Defendant Shah has been an owner, partners officer and/or manager of the Defendant Sanz.

16. Upon information and belief, at all times relevant to this Complaint, the individual Defendant has had power over personnel decisions at the Defendant Sanz's business.

17. During the relevant time period, the individual Defendant was regularly present at Sanz and managed the day-to-day operations of both the New Jersey and the New York contracts, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

19. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## COLLECTIVE ALLEGATIONS

20. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

21. This action is brought on behalf of Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

22. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

23. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA, the NJWHL, and

the NJWPL, by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one and one half times their regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

24. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

25. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' restaurant.

26. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

## FACTS

27. Based upon the information preliminarily available, and subject to discovery, beginning from in or about approximately 2022, and continuing to date, Defendants employed the Plaintiff and members of the putative class to perform tasks in furtherance of their residential and commercial construction remodeling business.

28. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Plaintiff and similarly situated employees, for all overtime hours worked in a work week.

29. Defendants refused to pay Plaintiff and similarly situated employees' overtime for the hours that they worked in a work week in excess of forty (40) hours.

30. Plaintiff Marcatoma was generally paid straight time for overtime hours.

31. Plaintiff Marcatoma routinely worked Monday through Friday, from approximately 7 a.m. to approximately 5 p.m.

32. Plaintiff Marcatoma routinely worked forty-five (45) to fifty (50) hours per workweek.

33. Plaintiff rarely worked less than forty (40) hours in a workweek.

34. Regardless of the number of hours that Plaintiff worked each week in excess of forty (40), Defendants generally improperly paid Plaintiff straight time.

35. Plaintiff was rarely paid time and one half for his hours worked over forty (40) in a workweek.

36. Upon information and belief, employees similarly situated to Plaintiff were also only compensated straight time for all hours worked, regardless of the fact that they worked in excess of forty (40) hours in a workweek.

37. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA the NJWHL, and the NJWPL, as described in this Complaint.

38. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

39. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and the NJWPL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for their hours worked in excess of forty(40) within a work week.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION PURSUANT TO THE FLSA

40. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

41. Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

42. All similarly situated employees of the Defendants are also owed compensation for each and every overtime hour they worked and were not properly paid.

43. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

44. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

45. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

46. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

47. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

48. Defendants' aforementioned conduct is in violation of the NJWHL. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

49. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated

employees suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF COMPENSATION
## PURSUANT TO THE NJWPL

50. Plaintiff Marcatoma re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

51. Defendants' aforementioned conduct is in violation of New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to pay Plaintiff for all hours worked.

52. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

53. As a result of Defendants' violations, Plaintiff and similarly situated employees, are entitled to liquidated damages as directed pursuant to the NJWPL.

## JURY TRIAL

54. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, unpaid wages, interest, attorneys' fees and costs as permitted under the NJWHL;

(3) on their third cause of action, against Defendants in an amount to be determined at trial,

8

unpaid wages, interest, attorneys' fees and costs as permitted under the NJWPL;

(4) and for such other and further relief as this Court deems just and proper.

Dated: September 18, 2023    Respectfully submitted,

/s/ Andrew Glenn
Andrew Glenn, Esq.
E-mail: aglenn@jaffeglenn.com
Jodi J. Jaffe, Esq.
Email: jjaffe@jaffeglenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Tel: (201) 687-9977
Fax: (201) 595-0308
*Attorneys for Plaintiff and Putative Class*